UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMOND COZART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-494-R |
| | ) |
| BEN MASON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends dismissal of this action without prejudice due to Plaintiff's failure to pay the initial partial filing fee, as required by the order dated May 7, 2025 [Doc. No. 5]. Plaintiff,[1] proceeding pro se, filed a timely Objection [Doc. No. 7] which gives rise to the Court's obligation to conduct a de novo review of those portions of the Report to which a specific objection is made.

In his Objection, Plaintiff requests permission to proceed without payment of the initial partial filing fee and presents two arguments in support: (1) he is exposed to imminent danger because his facility of incarceration continues to serve him food that he is allergic to and (2) his facility failed to send the initial partial payment. The first argument is the basis of one of the claims asserted in Plaintiff's Complaint and does not establish

---

[1] Plaintiff has an earlier filed lawsuit pending before this Court that includes some of the same defendants and claims that are asserted in this action. *See Cozart v. Department of Corrections,* CV-25-254-R (W.D. Okla.). Thus, this action is also subject to dismissal as a duplicative case. *See Katz v. Gerardi,* 655 F.3d 1212, 1217 (10th Cir. 2011) ("District courts have discretion to control their dockets by dismissing duplicative cases.").

cause for his failure to pay the initial partial filing fee. Under 28 U.S.C. § 1915(b)(1), when a prisoner files a civil action in forma pauperis, "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing." Judge Mitchell granted Plaintiff's request to proceed IFP, calculated the initial partial filing fee as required by § 1915, and instructed Plaintiff to make the payment by May 28, 2025. Plaintiff's assertion that he is being exposed to allergens in his food does not adequately explain why he failed to comply with Judge Mitchell's order and does not relieve him from his obligation to pay the initial partial filing fee.[2]

      Plaintiff's second argument is also unpersuasive as Plaintiff is responsible for paying the initial partial filing fee and he has provided no factual or evidentiary support to suggest that the facility prevented him from making the necessary payment. *See Kennedy v. Reid,* 208 F. App'x 678, 680 (10th Cir. 2006) (affirming dismissal where inmate was given an adequate opportunity to comply with the fee order and there was "no evidence to substantiate [his] claim of malfeasance on the part of CDOC officials"); *Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (affirming dismissal where inmate failed to show "a legitimate or acceptable cause for not paying" the initial partial filing fee); *Sandoval v. New Mexico*, 576 F. App'x 784, 788 (10th Cir. 2014) (affirming dismissal where inmate "never represented to the district court that he had made a complete and proper request to make his payment" and did not "provide information about the nature and frequency of his requests or the nature of the interference").

---

[2] Under § 1915(g), a prisoner that has three or more "strikes" may not proceed in forma pauperis unless he is "under imminent danger of serious physical injury." This provision is not applicable here because Plaintiff's motion to proceed IFP was granted and he simply failed to pay the initial partial filing fee.

Plaintiff has failed to comply with Judge Mitchell's order instructing him to pay the initial partial filing fee despite having adequate time to do so. His Objection does not ask for extension of the deadline and does not adequately explain his failure to pay the fee. Having reviewed the Report and Recommendation and the entirety of the case record, the Court fully concurs with Judge Mitchell's recommendation.

Accordingly, the Report and Recommendation is ADOPTED and, for the reasons stated therein, this action is DISMISSED without prejudice.

IT IS SO ORDERED this 3rd day of July, 2025.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE