UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMOND COZART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-494-R |
| | ) |
| BEN MASON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a state prisoner who is proceeding pro se, filed this action alleging violations of his civil rights. Pursuant to 28 U.S.C. § 636, the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On May, 7, 2025, Judge Mitchell granted Plaintiff's Motion to proceed in forma pauperis and ordered him to pay an initial partial filing fee by May 28, 2025 [Doc. No. 5]. After Plaintiff failed to pay the initial partial filing fee by the deadline, Judge Mitchell issued a Report and Recommendation [Doc. No. 6] recommending that the action be dismissed without prejudice. Plaintiff submitted an Objection [Doc. No. 7] to the Report arguing, among other things, that his facility of incarceration failed to send the initial partial filing fee payment. After considering Plaintiff's Objection, the Court adopted the Report and dismissed the action without prejudice for failure to comply with the Court's order and to pay the initial partial filing fee [Doc. No. 8]. The Court additionally noted that, apart from Plaintiff's failure to the initial partial filing, this action is subject to dismissal because it is duplicative of an earlier filed action.

1

Plaintiff has now filed a Motion to Reconsider [Doc. No. 12] pursuant to Federal Rule of Civil Procedure 60(b)(1). In his motion, Plaintiff asserts that he can provide factual evidence to support his contention that the facility prevented him from making the required payment and he has included a "Request to Staff" stating that the facility failed to send the filing fee.

Although Plaintiff filed his current motion under Rule 60(b), it is properly construed as a motion under Fed. R. Civ. P. 59(e). *See Hayes Family Tr. v. State Farm Fire & Cas. Co.,* 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment."); *see also* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr.*, 845 F.3d at 1004 (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* at 1012. But a Rule 59(e) motion "is not an appropriate vehicle to revisit issues already addressed or advance arguments that could have been raised in

---

[1] However, the Court would reach the same conclusion even if it were construed under Rule 60(b).

prior briefing." *Id.*

Plaintiff points to no intervening change in the law, new evidence, or clear error that would warrant reconsideration. The "Request to Staff" submitted with the motion, which post-dates the entry of judgment, does not demonstrate that Plaintiff made a proper request for the payment to be issued or suggest that the facility prevented him from timely making the payment. Further, Plaintiff's motion entirely fails to address the Court's finding that this case is also subject to dismissal because it is duplicative of an earlier filed action.

Accordingly, Plaintiff's Motion to Reconsider [Doc. No. 12] is DENIED.

IT IS SO ORDERED this 1st day of August, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE